IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| A.D., | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | Case No. 3:25-cv-460 |
| WARDEN, *Moshannon Valley Processing* | ) | Judge Stephanie L. Haines |
| *Center, et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

AND NOW, this __5th__ day of January 2026, upon due consideration of Petitioner A.D.'s

("Petitioner") Motion for a Preliminary Injunction ("P.I.") at ECF No. 16, IT IS HEREBY

ORDERED that Petitioner's Motion is DENIED IN PART—insofar as it seeks an injunction

preventing "Respondents from transferring Petitioner to any facility other Moshannon Valley

Processing Center[.]" ECF No. 16, p. 2.[1] The Court will take the remaining claims under

consideration.

---

[1] The Court takes this opportunity to more fully explain its decision on this score. An alien detainee's request to enjoin his or her transfer or movement when that detainee is in custody pursuant to the Immigration and Nationality Act ("INA") raises jurisdictional concerns. Congress has "limited federal district courts' jurisdiction to review decisions or actions made pursuant to the sound discretion of DHS officials[.]" *Jane v. Rodriguez*, No. CV 20-5922 (ES), 2020 WL 10140953, at *1 (D.N.J. May 22, 2020). Indeed, 8 U.S.C. § 1252(a)(1)(B)(ii) provides that "no court shall have jurisdiction to review any decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security…" And, in 8 U.S.C. § 1231(g)(1), Congress clearly set forth that: "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." In this way, § 1231(g)(1) establishes that:

> [T]he place of detention is left to the discretion of the Attorney General. *See* 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."); *Gandarillas–Zambrana v. BIA*, 44 F.3d 1251, 1256 (4th Cir.1995) ("The INS necessarily has the authority to determine the location of detention of an alien in deportation proceedings … and therefore, to transfer aliens from one detention center to another."); *Rios–Berrios v. INS*, 776 F.2d 859, 863 (9th Cir.1985) ("We are not saying that the petitioner should not have been transported to Florida. That is within the province of the Attorney General to decide."); *Sasso v. Milhollan*, 735 F.Supp. 1045, 1046 (S.D.Fla.1990) (holding that the Attorney General has discretion over location of detention).

IT IS FURTHER ORDERED that Petitioner shall effectuate service of the filings at ECF Nos. 16 and 17 upon Respondents within five (5) days of the date of this Order.

IT IS FURTHER ORDERED that Respondent shall file and serve a written Response to Petitioner's Motion at ECF No. 16 within seven (7) days of receipt of service of that document. Aside from any additional arguments Respondents wish to make, the Response shall specifically address: (1) what statute governs Petitioner's detention and why, and (2) if Petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(2), why this Court's decision in *Calzado Diaz v. Noem*, No. 3:25-cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) should not be applied to the instant case. Petitioner may, but is not required to, file and serve a Reply to any Response submitted by Respondent within three (3) days of receipt of service of Respondent's Response. The Court will schedule a hearing as necessary.

BY THE COURT:

STEPHANIE L. HAINES
U.S. DISTRICT COURT JUDGE

---

*Sinclair v. Attorney General of U.S.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006). Indeed, "Congress has vested the Department of Homeland Security ("DHS") with authority to enforce the nation's immigration laws. Thus, as a part of DHS, ICE 'necessarily has the authority to determine the location of detention of an alien in deportation proceedings... and therefore, to transfer aliens from one detention center to another.'" *See Calla-Collado v. Attorney General of U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) (quoting *Gandarillas-Zambrana*, 44 F.3d at 1256). Therefore, because this Court lacks jurisdiction to enjoin Respondents from moving Petitioner outside of the district, it will DENY Petitioner's Motion insofar as it seeks injunctive relief on that score.