IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.D., | ) |
|     Petitioner, | ) Civil Action No. 25-460J |
| v. | ) District Judge Stephanie L. Haines |
| | ) Magistrate Judge Maureen P. Kelly |
| LEONARD ODDO, *in his official capacity as Warden, Moshannon Valley Processing Center, et. al.*, | ) Re: ECF Nos. 1 and 16 |
|     Respondents. | ) |

## **MEMORANDUM OPINION**

Petitioner A.D. ("Petitioner")[1] is an immigration detainee who, at the initiation of this matter, was held at the Moshannon Valley Processing Center ("MVPC") in Phillipsburg, Pennsylvania.[2] Petitioner submitted a "Petition for Writ of Habeas Corpus" (the "Petition") on December 3, 2025. ECF No. 1.

In the Petition, Petitioner challenges his mandatory immigration detention pursuant to 8 U.S.C. § 1225(b)(2)(A). Id. at 2-3; see also ECF No. 23 at 3-4. Petitioner asserts that he is subject to detention pursuant to a different statute – 8 U.S.C. § 1226(a) – which would allow him the possibility of release on bond. ECF No. 1 at 2-4.

For the reasons that follow, the Petition will be conditionally granted.

---

[1] Petitioner was granted leave to proceed under a pseudonym. ECF No. 4. For the reasons articulated in Petitioner's supporting brief, ECF No. 2-1, this Court will omit as much of Petitioner's personal information as possible from this Memorandum Opinion.

[2] On or about December 30, 2025, Petitioner was transferred to Miami Correctional Facility in Bunker Hill, Indiana. ECF No. 19 at 1. This was done without notice to this Court, and without its approval. Be that as it may, the transfer was effected well after the filing of this case, and does not divest this Court of jurisdiction. See Anariba v. Dir. Hudson Cnty. Corr. Ctr., 17 F.4th 434, 448 (3d Cir. 2021).

1

Additionally, Petitioner's "Emergency Motion for Preliminary Injunction," (the "PI Motion"), ECF No. 16, which was partially denied on January 6, 2026, to the extent that it sought to enjoin Respondents from transferring Petitioner to a detention facility other than MVPC, see ECF No. 18, will be denied as moot. Any relief requested in the PI Motion that is not moot will be denied.

## I.   RELEVANT BACKGROUND AND FACTS

### A.   Petitioner's Relevant Immigration Proceedings

In the Petition, Petitioner alleges that he is a citizen of Guinea. ECF No. 1 at 5. Petitioner alleges that he entered the United States sometime on March 14, 2024, at which time he was arrested, and then subsequently released into the United States by immigration authorities. Id. at 8. See also ECF No. 1-6 at 2; ECF No. 23-1 at 3

Prior to his release by immigration authorities, Petitioner was served a Notice to Appear charging him with being removable under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without having been admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.[3] ECF No. 1-6 at 2; ECF No. 23-1 at 3-4.

Petitioner appeared for a hearing before an immigration judge ("IJ") on May 9, 2025. The record indicates that this hearing was rescheduled because an interpreter was unavailable. Petitioner appeared at another hearing on June 10, 2025, at which time he was detained by immigration officials. ECF No. 23-1 at 2-4. Petitioner has been held without bond in immigration

---

[3] Rather than citing to the United States Code, and for reasons that are unclear, immigration officials tend to cite directly to sections of the Immigration and Nationality Act ("INA"). These citations often do not match up to the United States Code in any discernable fashion. In order to avoid unnecessary confusion, this Court will provide parallel citations to the United States Code and the INA where necessary.

2

detention ever since – just over seven months as of the date of this writing.

On September 29, 2025, Petitioner was ordered removed by an IJ. ECF No. 23-2 at 4 and 6. Petitioner was denied asylum and withholding of removal under the Convention Against Torture. Id. at 4. However, the IJ granted Petitioner withholding of removal to Guinea pursuant to INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). Id. Accordingly, Petitioner may not be removed to Guinea. 8 U.S.C. § 1231(b)(3)(A).

The record indicates that Petitioner timely appealed the IJ's decision to the Board of Immigration Appeals ("BIA") on October 6, 2025. ECF No. 1-26 at 3. Nothing on the record indicates that the BIA has disposed of Petitioner's appeal. Thus, the record supports the conclusion that a final order of removal has not been entered against Petitioner.

Well after the commencement of his detention – and even after his immigration merits hearing – Petitioner received a bond hearing before an IJ on October 15, 2025. ECF No. 1-20 at 2. The IJ denied bond on the same day, finding that he lacked jurisdiction to consider bond pursuant to the BIA's recent decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025). ECF No. 1-5 at 3. Alternatively, the IJ concluded that bond would be denied because Petitioner had failed to show that he was not a danger to the community or a flight risk. Id.

B. **Proceedings in Federal Court**

Petitioner, through counsel, submitted the Petition on December 3, 2025. ECF No. 1. The crux of Petitioner's argument is that he is eligible for a bond determination under Section 1226(a) – and not subject to mandatory detention under Section 1225(b)(2). Id. at 14-29. Even if this Court were to find that mandatory detention is appropriate, Petitioner argues that due process requires a bond hearing. Id. at 32. Petitioner seeks a variety of different forms of relief, including immediate release, or a bond hearing before this Court or before an IJ, as well as the recovery of

attorneys fees. Id. at 41-42.

Respondents have not yet answered the Petition. However, they have had an opportunity to assert their position on the legality of Petitioner's detention. This is because, after Petitioner's sudden and unannounced transfer between detention facilities, his attorneys filed the PI Motion. ECF Nos. 16 and 17. In this Motion, Petitioner seeks immediate release, an order enjoining any subsequent detention without notice and a pre-deprivation hearing, an order enjoining any transfers from MVPC, and an injunction barring removal to a third country. ECF No. 16 at 2.

This Court denied Petitioner's request not to be transferred between detention facilities, but reserved consideration of the additional relief sought by Petitioner. ECF No. 18 at 1. Respondents were ordered to respond to the PI Motion, and specifically instructed to brief "why this Court's decision in Calzado Diaz v. Noem, No. 3:25-cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) should not be applied to the instant case.

Respondents submitted an Opposition to Petitioner's PI Motion on January 8, 2026. ECF No. 23. In it, they concede that Petitioner is being detained without bond under Section 1225(b)(2)(A), and provide arguments as to why that section, rather than Section 1226(a), should apply to Petitioner. Id. at 3. Despite this Court's above-mentioned Order, Respondents make no substantive argument explicitly relating to the application of Calzado Diaz to the instant case, and do little more than simply acknowledge its existence.[4] Id. at 3 n.3 and 13.

Respondents argue that Petitioner is not entitled to a bond hearing under Section 1226(a) because he is an "applicant for admission," and thus mandatorily detained pursuant to Section

---

[4] While it is disappointing that Respondents would fail to provide a direct answer to this Court's direct question, it is unsurprising. Calzado Diaz is squarely applicable to the present habeas petition, as well as entirely damning to Respondents' position that Petitioner should not receive a bond hearing.

4

1225(b)(2). Id. at 3-4 (citing, inter alia, Hurtado, 29 I&N Dec. at 220-28).

Respondents concede that the legal interpretation rendering Petitioner ineligible for bond is a recent one, and that prior to July 8, 2025, it was the position of the Department of Homeland Security ("DHS") and the immigration courts that Petitioner would have been eligible to apply for discretionary bond pursuant to Section 1226(a). ECF No. 23 at 8-9 and n.5. Respondent's counsel further concedes that the logic of this argument has been rejected in multiple opinions issued by judges within the Western District of Pennsylvania. Id. at 3 n.1 (collecting cases, including Calzado Diaz).

The Petition is ripe for consideration.

## II. DISCUSSION

28 U.S.C. § 2241 allows a court to grant a writ of habeas corpus to a prisoner held "in violation of the Constitution or laws or treaties of the United States[.]" Id. at § 2241(c)(3). This Court has jurisdiction to hear the merits of the instant case under that statute. Bystron v. Hoover, 456 F. Supp. 3d 635, 640 (M.D. Pa. 2020) (citing Demore v. Kim, 538 U.S. 510 (2003) and Zadvydas v. Davis, 533 U.S. 678 (2001)).

### A. Petitioner is Entitled to a Substantive Bond Hearing

8 U.S.C. § 1226 – the statute that Petitioner argues should apply to his current detention – states, in pertinent part:

> Apprehension and detention of aliens
>
> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General –
>
> (1) may continue to detain the arrested alien; and

5

> (2) may release the alien on –
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; but
>
> (3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

In contrast, 8 U.S.C. § 1225– the statute that Respondents argue should apply – states, in pertinent part:

> Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing
>
> a) Inspection
>
> (1) Aliens treated as applicants for admission
>
> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission.
>
> ****
>
> (2) Inspection of other aliens
>
> (A) In general
>
> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

Historically, there would have been no dispute that Petitioner was entitled to a bond hearing before an immigration judge pursuant Section 1226(a). See ECF No. 23 at 9. However, recent changes in policy by Immigration and Customs Enforcement ("ICE"), see

6

https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (last visited Jan. 13, 2026), and the decision of the BIA essentially ratifying this policy in Hurtado, have resulted in the mandatory detention of aliens who entered the United States without inspection, regardless of where they were apprehended or how long they have been physically present in the United States. See Hurtado, 29 I&N Dec. at 228-29.

The reasoning in Hurtado has been soundly rejected by the overwhelming majority of district courts that have opined on it. See, e.g., Bethancourt Soto v. Soto, --- F.Supp.3d ----, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (collecting cases). This Court joined that chorus in Calzado Diaz. See 2025 WL 3628480. Accordingly, for the reasons already articulated by this Court in Calzado Diaz the undersigned rejects Hurtado, and finds that Petitioner's detention is governed by Section 1226(a).

Because Section 1226(a) applies to Petitioner's detention, he has a statutory right to a substantive bond hearing. See Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). See also 8 C.F.R. § 1003.19. Accordingly, a hearing before an immigration judge is the proper forum to determine whether bond is appropriate under that statute and the applicable regulations.

B.     **The Petition is not Moot.**

Moreover, the undersigned does not find that the instant Petition is mooted by Petitioner's October bond hearing, at which the IJ found that he lacked jurisdiction to grant bond under Hurtado, and *alternatively* found that Petitioner had not met his burden for relief. ECF No. 1-5 at 3. While that order is appealable to the BIA, see 8 C.F.R. § 1003.1(b)(7), a finding of mootness here would allow the BIA simply to rely on its flawed decision in Hurtado to affirm the IJ's denial

based on lack of jurisdiction. Indeed, that is precisely what the BIA did in Hurtado itself. See 29 I&N Dec. at 229 n.8.

Accordingly, a second bond hearing, at which Hurtado is unavailable and the IJ is forced to rely only on substance, would not result in the same outcome. Even if the IJ reiterates his previous alternative finding that Petitioner has not met his burden, the BIA would be forced to address the merits of such a decision in any subsequent appeal.

This Court is not making any finding whatsoever regarding Petitioner's ultimate detention or release. Rather this Court finds, as a matter of statutory interpretation, that Petitioner is entitled to a bond hearing. Any other habeas relief requested by Petitioner, such as immediate release, or a bond hearing in this Court, is denied.[5] To the extent that Petitioner seeks direct review of the IJ's alternative finding that he has not met his burden for relief under Section 1226(a), this Court lacks jurisdiction to do so, and the same is denied. 8 U.S.C. § 1226(e).

### C.    The PI Motion is Moot.

In light of the relief granted herein, the remainder of the PI Motion is moot. To the extent that Petitioner's request to enjoin removal to a third country might not be moot, he has failed to plead that any such removal is actual and imminent, and thus has failed to establish that he faces

---

[5] This Memorandum Opinion should not be interpreted to foreclose a challenge to Petitioner's detention under Section 1226(a) in the future, as appropriate, if it becomes unreasonably prolonged. Cf. German Santos v. Warden Pike Cnty. Corr. Fac., 965 F.3d 203 (3d Cir. 2020) (mandatory detention pursuant to 28 U.S.C. § 1226(c) may become unreasonably prolonged, and require a bond hearing at which the government bears the burden). See also Borbot v. Warden Hudson Cnty. Corr. Fac., 906 F.3d 274, 280 (recognizing that, even after a bond hearing under Section 1226(a), immigration detention might become unreasonably prolonged). But see Flores-Lopez v. Lowe, No. 21-CV-1839, 2021 WL 6134453, at *2 (M.D. Pa. Dec. 29, 2021) (collecting cases, and concluding that detention of 19 months under Section 1226(a) was not unconstitutionally prolonged absent some constitutional defect in the underlying bond hearing).

Nor should this Memorandum Opinion be interpreted to limit any arguments that Petitioner might make in a forthcoming bond hearing.

8

irreparable harm that would warrant the issuance of a preliminary injunction. Campbell Soup v. ConAgra, Inc., 977 F.2d 86, 90-91 (3d Cir. 1992) ("'In order to support a preliminary injunction, plaintiff must show both a likelihood of success on the merits and a probability of irreparable harm.").[6]

### D.    A Certificate of Appealability is Unnecessary.

A certificate of appealability is not required for federal detainees seeking relief under Section 2241. Muza v. Werlinger, 415 F. App'x 355, 357 n.1 (3d Cir. 2011). See also 28 U.S.C. § 2253(c)(1). Therefore, it is not necessary to determine whether one should be issued here.

### III.    CONCLUSION

For the foregoing reasons, the Petition, ECF No. 1, will be conditionally granted. The PI Motion, ECF No. 16, will be denied as moot. Any relief requested in the PI Motion that is not moot will be denied.

An appropriate Order follows.

Dated: January 14, 2025

BY THE COURT,

STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE

cc:    Counsel of record (via CM/ECF)

---

[6] This Court shares counsel's concern with Petitioner's unnoticed transfer from MVPC, and its apparent lack of transparency. See ECF No. 17 at 15-16. However, given that Petitioner is not currently subject to a final order of removal – and indeed, has proceedings pending at the BIA – as well as Respondents' concession that a prior assertion in its' Opposition brief that Petitioner had been ordered removed to El Salvador was made in error, ECF No. 29 at 1-2 – there has been no showing that the possibility of removal to a third country is anything other than speculation.

9