IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.D., | ) |
| | ) |
| Petitioner, | ) Civil Action No. 25-460J |
| | ) |
| v. | ) District Judge Stephanie L. Haines |
| | ) Magistrate Judge Maureen P. Kelly |
| LEONARD ODDO, *in his official capacity as* | ) |
| *Warden, Moshannon Valley Processing Center,* | ) Re: ECF No. 35 |
| *et. al.*, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

Currently before this Court is Petitioner's self-styled Status Update and Motion to Enforce Jan. 14, 2026 Order of the Court (the "Motion"). ECF No. 35. For the reasons that follow, the Motion will be granted.

**I.    RELEVANT BACKGROUND**

Petitioner A.D. ("Petitioner")[1] is an immigration detainee who, at the initiation of this matter, was held at the Moshannon Valley Processing Center ("MVPC") in Phillipsburg, Pennsylvania.[2] Petitioner submitted a "Petition for Writ of Habeas Corpus" (the "Petition") on December 3, 2025. ECF No. 1.

---

[1] Petitioner was granted leave to proceed under a pseudonym. ECF No. 4. For the reasons articulated in Petitioner's supporting brief, ECF No. 2-1, this Court will omit as much of Petitioner's personal information as possible from this Memorandum Order.

[2] On or about December 30, 2025, Petitioner was transferred to Miami Correctional Facility in Bunker Hill, Indiana. ECF No. 19 at 1. This was done without notice to this Court, and without its approval. Be that as it may, the transfer was effected well after the filing of this case, and does not divest this Court of jurisdiction. See Anariba v. Dir. Hudson Cnty. Corr. Ctr., 17 F.4th 434, 448 (3d Cir. 2021).

In the Petition, Petitioner challenged his mandatory immigration detention pursuant to 8 U.S.C. § 1225(b)(2)(A).  Id. at 2-3; see also ECF No. 23 at 3-4.  Petitioner asserted that he was subject to detention pursuant to a different statute – 8 U.S.C. § 1226(a) – which would allow him the possibility of release on bond.  ECF No. 1 at 2-4.

This Court agreed and, on January 14, 2026, conditionally granted the Writ.  ECF Nos. 30 and 31.  The Order read, in pertinent part:

> AND NOW, this 14th day of January, 2026, and for the reasons stated in the Memorandum Opinion issued contemporaneously herewith, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus, ECF No. 1, is CONDITIONALLY GRANTED.
>
> IT IS FURTHER ORDERED that Petitioner shall be provided with a bond hearing before a neutral immigration judge of the Executive Office of Immigration Review on or before **January 21, 2026**.
>
> Such a hearing shall include consideration of all factors normally available to an immigration court in the context of an immigration bond hearing.
>
> If Respondents fail to provide Petitioner with a bond hearing satisfying those requirements by that date, THE WRIT SHALL ISSUE, and Petitioner shall be released with appropriate conditions of supervision consistent with applicable law.
>
> To the extent that Petitioner seeks any additional habeas relief, the same is DENIED.  Denial is without prejudice to Petitioner seeking relief for future prolonged immigration detention, should the same become appropriate.

ECF No. 31 at 1 (emphasis in original).

Petitioner was provided a bond hearing before an immigration judge ("IJ") on January 21, 2025, at which Petitioner was represented by counsel.  ECF No. 36-2 at 2.  A transcript of the hearing is on the record at ECF No. 36-2.

Petitioner filed the instant Motion, ECF No. 35, and supporting Brief, ECF No. 36, on January 26, 2026.  Petitioner takes issue with a great deal of what occurred at the bond hearing,

2

arguing that it was not constitutionally sufficient because: (1) Petitioner was not provided an interpreter who was fluent in the particular dialect of the language that he speaks, resulting in mistranslations and misunderstandings upon which the IJ relied to deny bond, ECF No. 36 at 19-21; (2) Petitioner was not permitted by the IJ to develop the record regarding his ties to the community, and thus prove that he was not a flight risk, id. at 23-24; (3) the IJ improperly failed to consider the declaration of Petitioner's sponsor because the sponsor was not available to attend the hearing, id. at 24-25; (4) The IJ was not neutral, and instead acted as an advocate for the Department of Homeland Security ("DHS"), id. at 25-27; and (5) Petitioner was forced to bear the burden of proof at the bond hearing that he was not a danger or a flight risk,[3] id. at 27-29. By way of relief, Petitioner seeks the full, unconditional issuance of the Writ, and immediate release. Id. at 29.

The Brief is supported by, *inter alia*, a transcript of the bond hearing which includes the IJ's oral decision denying bond and the reasons therefore, ECF No. 36-2; the sworn declaration of an individual claiming to be fluent in Petitioner's native language and dialect, opining that the interpreter at the bond hearing was not fluent in the same, with specific examples to mistranslations, ECF No. 36-10; and a partial translation of the bond hearing prepared by the same individual, ECF No. 36-11.

Respondents responded in opposition to the Motion on February 3, 2026. ECF No. 38.

---

[3] To be sure, the default in a bond hearing pursuant to 8 U.S.C. § 1226(a) places this burden upon the alien. See Borbot v. Warden Hudson Cnty. Corr. Fac., 906 F.3d 274, 279 (3d Cir. 2018). Nothing in the Order conditionally granting habeas relief shifted the burden to DHS. ECF No. 31. To the contrary that Order, and its accompanying Memorandum Opinion, made clear that the hearing must "include all factors normally available to an immigration court in the context of an immigration bond hearing[,]" and that any additional habeas relief sought by Petitioner was denied. Id. at 1. Thus, while the Writ will issue for the reasons set forth herein, Petitioner's argument that the burden should have shifted to DHS explicitly is not among those reasons.

3

The Opposition brief is not particularly thorough. In it, Respondents generally argue that (1) the bond hearing was constitutionally adequate, id. at 1-5; (2) the IJ's decision is not subject to judicial review, id. at 2; and (3) Petitioner should be required to exhaust an administrative appeal at the BIA before proceeding here, id. at 5-7. Mixed into point (3) is the surprising assertion that this Court lacks jurisdiction to address the Motion unless and until Petitioner has exhausted this appeal. Id. at 6.

It is noteworthy that Respondents do not address – or even acknowledge – the issue of Petitioner's interpreter, or seek an extension of time in which to do so. Whether this is due to a mere oversight, or is tacit recognition of the merit of Petitioner's argument, is unclear. Whatever reason for this omission, however, the result is that the only evidence of record on this point is that Petitioner lacked an adequate translator at his bond hearing.

Petitioner submitted a Reply on February 10, 2026. ECF No. 39. This Reply was not filed with leave of this Court. Petitioner's counsel is admonished to review Rule G of the undersigned's Interim Standing Order, which prohibits the filing of reply briefs absent leave of court except in one circumstance that is not applicable here. See https://www.pawd.uscourts.gov/sites/pawd/files/Haines_Standing_Order.pdf. The Reply will be stricken, and will not be considered further in this Memorandum Order.

**II.    JURISDICTION**

Respondents argue that the Immigration and Nationality Act ("INA") prohibits this Court from reviewing the IJ's bond determination. ECF No. 38 at 2. Specifically, 8 U.S.C. § 1226(e) states:

> (e) Judicial review
>
> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under

4

this section regarding the detention of any alien or the revocation or denial of bond or parole.

As a general proposition, it is beyond reasonable dispute that a habeas court retains jurisdiction to enforce compliance with an order conditionally granting the writ. See, e.g., Fernandez Aguirre v. Barr, No. 19-CV-7048, 2019 WL 4511933, at *3 (S.D.N.Y. Sept. 18, 2019). Cf. Satterlee v. Wolfenbarger, 453 F.3d 362, 369 (6th Cir. 2006) (a conditional grant of a writ of habeas corpus "would be meaningless if a habeas court could not order a noncompliant state to release a prisoner."). Accord. Haskell v. Folino, 461 F. Supp. 3d 202, 210-11 (W.D. Pa. 2020). However, there is little guidance from the United States Court of Appeals for the Third Circuit as to the interplay between this Court's authority to enforce its prior conditional grant of the writ, and Section 1226(e)'s bar of review of the IJ's discretionary bond decision.

But in Ghanem v. Warden Essex County Correctional Facility, No. 21-1908, 2022 WL 574624 (3d Cir. Feb. 25, 2022), the Court of Appeals discussed the scope of a federal habeas court's jurisdiction to review the outcome of an immigration bond hearing for compliance with an order conditionally granting federal habeas relief. It stated that "[a]lthough we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision, we may review whether the bond hearing was fundamentally unfair." Id. at *2 (citation footnotes omitted).

Applying this direction from the Court of Appeals, this Court rejects Respondents' argument. To the contrary, this Court retains jurisdiction to review the bond hearing for fundamental fairness.

### III.  EXHAUSTION

Respondents argue that Petitioner's Motion should be denied for failing to exhaust administrative remedies. ECF No. 38 at 5-7. Respondents appear to believe that exhaustion is

jurisdictional.[4] Id. at 6.

While Section 2241 does not include an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a Section 2241 petition. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).

But it is not clear that there is any exhaustion issue here at all. This is not a newly-filed habeas petition in which Petitioner seeks habeas review of the IJ's decision denying bond. Instead, the habeas relief sought by Petitioner was from his improper mandatory detention pursuant to 8 U.S.C. § 1225(b), without a bond hearing under Section 1226(a). And as to that issue, the writ already has been conditionally granted. ECF No. 31. Petitioner asks this Court to review the IJ's hearing for compliance with that Order. Accordingly, it appears that there is nothing left for Petitioner to exhaust. See, e.g., Luciano-Jimenez v. Doll, 543 F. Supp. 3d 69, 71 n.1 (M.D. Pa. 2021).

Moreover, to the extent that any exhaustion issue exists, it is not mandatory, but prudential, and may be excused. Chajchic v. Rowley, No. 1:17-CV-457, 2017 WL 4401895, at *4 (M.D. Pa. July 25, 2017), report and recommendation adopted, 2017 WL 4387062 (M.D. Pa. Oct. 3, 2017). Therefore, the undersigned concludes that the exhaustion doctrine does not bar this Court's review of Petitioner's Motion.

## IV.    MERITS

As stated above, in Ghanem, the Court of Appeals recognized that, even in the wake of Section 1226(e), and on a motion to enforce a grant of habeas relief, federal courts retain the authority to review whether a resulting immigration bond hearing is fundamentally unfair. 2022

---

[4] It is not.

WL 574624, at *2. It further recognized that "[i]n a fundamentally fair bond hearing, due process has three essential elements. An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." Id. (citation footnote and internal quotation marks omitted). The undersigned is persuaded by this authority, and will review the bond hearing for these three elements.

The undisputed evidence of record indicates that Petitioner was not provided at the bond hearing with a translator who was fluent in the dialect of his native language. The undisputed evidence of record further indicates that this led to misinterpretations and misunderstandings with respect to questions posed by the IJ to Petitioner, and in his responses thereto. It further is beyond reasonable dispute that the IJ found that Petitioner had not established that he was not a flight risk – at least in part – due to those answers, which the IJ characterized as "non-responsive" and "evasive." ECF No. 36-2 at 35.

Petitioner's arguments with respect to his translator straddle the first two due process elements set forth in Ghanem. Based on the undisputed evidence of record, Petitioner has established that he was unfairly prejudiced at his bond hearing by a lack of competent translator. Cf. Gebrmaryam v. Att'y Gen., 791 F. App'x 337, 342 (3d Cir. 2019) (citing Hartooni v. INS, 21 F.3d 336, 340 (9th Cir. 1994)) ("While an asylum-seeker has the right to the services of a translator. . . an alien alleging a due process violation must show that the translator's incompetence prejudicially impacted his case.").

Finding unfair prejudice here, the undersigned is constrained to conclude that Respondents have failed to comply with the Order dated January 14, 2026, conditionally granting the Writ. Therefore, the Motion will be granted, the Writ will issue.

V.     CERTIFICATE OF APPEALABILITY

A certificate of appealability is not required for federal detainees seeking relief under Section 2241.  Muza v. Werlinger, 415 F. App'x 355, 357 n.1 (3d Cir. 2011).  See also 28 U.S.C. § 2253(c)(1).  Therefore, it is not necessary to determine whether one should be issued here.

An appropriate Order follows.


AND NOW, this 12th day of February, 2026, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Petitioner's Status Update and Motion to Enforce Jan. 14, 2026 Order of the Court, ECF No. 35, is GRANTED.

IT IS FURTHER ORDERED that Petitioner's Reply, ECF No. 39, is STRICKEN from the record.

IT IS FURTHER ORDERED that a writ of habeas corpus is issued.  Respondents shall RELEASE Petitioner from immigration detention FORTHWITH, subject to conditions consistent with applicable law.

IT IS FURTHER ORDERED that the parties shall provide written notice of Petitioner's release on the docket within 24 hours of its occurrence.


BY THE COURT,


*/s/ Stephanie L. Haines*
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE


cc:     Counsel of record (*via* CM/ECF)